## SETTLEMENT AGREEMENT AND RELEASE

This Settlement Agreement and Release of Claims ("Agreement") is entered into by and between Camilla McGhee ("Plaintiff") and EWS Associates, LLC d/b/a Regency Home Care of North Atlanta ("Regency"), Schuetz Enterprises, Inc. d/b/a Regency Home Care of North Atlanta, Erich Schuetz, and Dana Johnson, who are collectively referred to as "Defendants."  Together, Plaintiff and Defendants are referred to as the "Parties."

## RECITALS

WHEREAS, on June 30, 2022, Plaintiff filed a Civil Action Complaint against Defendants in the United States District Court for the Northern District of Georgia, Atlanta Division, styled *Camilla McGhee, Plaintiff v. EWS Associates, LLC d/b/a Regency Home Care of North Atlanta, Schuetz Enterprises Inc. d/b/a Regency Home Care of North Atlanta, Erich Schuetz, and Dana Johnson, Defendants,* Civil Action No. 1:22-cv-02227-SCJ, (hereinafter referred to as the "Litigation"); and

WHEREAS, pursuant to the Litigation, Plaintiff claims unpaid overtime compensation and retaliatory termination in violation of the Fair Labor Standards Act, 29 U.S.C. § 203 ("FLSA Claims"), as well as other claims unrelated to the FLSA; and

WHEREAS, a bona fide dispute exists regarding wages owed to Plaintiff; and

WHEREAS, the Parties desire to enter into an agreement resolving and settling all claims, disputes, disagreements, allegations and causes of action asserted or which could have been asserted by Plaintiff in the Litigation; and

WHEREAS, Plaintiff warrants and represents that she has not assigned any of the claims against Defendants that are released in this Agreement to any other person or entity and that no attorneys other than Catherine A. Gavrilidis of the law firm of Barrett & Farahany have a claim for attorneys' fees and/or costs arising from Plaintiff's claims released in this Agreement; and

WHEREAS, this Agreement constitutes a good faith settlement of all of Plaintiff's disputed claims and allegations that were asserted in the Litigation and shall not be deemed in any manner an admission, finding, or indication, for any purposes whatsoever, that the Defendants, or any of their officers, employees, and/or other agents acted contrary to law or violated the rights of Plaintiff or any other person at any time.

NOW THEREFORE, the Parties, intending to be legally bound, and in consideration of the mutual recitals, covenants and other good and valuable consideration recited herein, the receipt and legal sufficiency of which each Party hereby acknowledges, agree as follows:

## SETTLEMENT TERMS

**1.     Payment.**  In consideration of this Agreement, and in full and final settlement of the FLSA Claims, and any unasserted but existing claims made under the FLSA, including attorney's fees and costs, which were made, or could have been made, by Plaintiff, EWS Associates, LLC shall make a gross payment of $23,000.00 as follows:

a.     One check made payable to "Camilla McGhee" for the amount of $1,944.00, less applicable tax deductions and withholdings, via W-2 for claimed wages;

b.     One check made payable to "Camilla McGhee" for the amount of $9,801.36, with no deductions, which represents $1,944.00 of liquidated damages and $7,857.36 for other alleged damages and the waiver below, and reported via IRS form 1099; and

c.     One check made payable to Barrett & Farahany for the amount of $11,254.64 for Plaintiff's attorneys' fees and expenses.

d.     Plaintiff acknowledges and agrees that she is solely responsible for paying any attorneys' fees and costs she incurred, except as otherwise provided in this Paragraph, and that neither the Plaintiff nor her attorney(s) will seek any additional award of attorneys' fees, costs, or other monies from Defendants.

*Plaintiff specifically is aware of, and agrees with, the amount of attorneys' fees and costs to be paid to her counsel for representing her interests in this matter.*

**2.     Court Approval of Agreement and Dismissal with Prejudice.**

a.     The Parties agree that within five (5) business days after all Parties have executed this Agreement, they shall file a Joint Motion to Approve Settlement and Dismiss Lawsuit with Prejudice (along with a proposed order) to the United States District Judge before whom this Litigation is pending for the purposes of obtaining court approval in accordance with the Fair Labor Standards Act, 29 U.S.C. §201 et seq.  Such Motion shall seek judicial approval of the Agreement and dismissal with prejudice of all of Plaintiff's claims against Defendants.  The Parties will cooperate and take all necessary steps to effectuate final judicial approval of this Agreement and dismissal of the Litigation.  The failure to secure the dismissal of the Litigation *with prejudice*, for whatever reason, will nullify Plaintiff's and Plaintiff's counsel's right to the settlement payments.  After the court approves the settlement of this Litigation, Defendants will transmit the settlement payments required under Paragraph 1 to Plaintiff's counsel within five (5) business days.  If the District Court does not approve this Agreement, it shall be void ab initio.

    b. Plaintiff represents that as of the date Plaintiff signs this Agreement, she has not filed or initiated, or caused to be filed or initiated, any complaint, claim, action or lawsuit of any kind against any of the Released Parties (as defined in Paragraph 4) in any federal, state or local court or agency other than the Litigation.  Plaintiff agrees not to initiate or file, or cause to be initiated or filed, any action, lawsuit, complaint or proceeding asserting any of the claims released by this Agreement against any of the Released Parties. Plaintiff further agrees not to be a member of any class or collective action in any court or in any arbitration proceeding seeking relief against the Released Parties based on claims released by this Agreement, and that even if a court or arbitrator rules that Plaintiff may not waive a claim released by this Agreement, Plaintiff will not accept any money damages or other relief.  Plaintiff agrees to promptly reimburse Defendants for any legal fees that Defendants incur as a result of any breach of this paragraph by Plaintiff.

    3. **Taxes**.  Plaintiff agrees to pay all taxes, if any, which may be deemed owing on the payments set forth in Paragraph 1, except for EWS Associates' portion of FICA and other employer portion tax contributions associated with the payments designated as unpaid wages.  Plaintiff further agrees that she will indemnify and hold Defendants and any related and affiliated entities harmless from and against any taxes, penalties and/or interest that might arise from any challenge by the Internal Revenue Service or similar state or local agency to Plaintiff's tax treatment of any amounts paid to them, except for any challenge associated with EWS Associates' responsibility for the employer portion of FICA and other employer portion tax contributions associated with the payments designated as unpaid wages.

    4. **Release & Waiver of All Claims**.  In exchange for the payments set forth above, and other good and valuable consideration, the receipt of which is hereby acknowledged, Plaintiff, for herself, her attorneys, spouse, assigns, heirs, executors, administrators, and any other agents or representatives, hereby fully, finally and forever releases and discharges Defendants Dana Johnson, Erich Schuetz, EWS Associates, LLC d/b/a Regency Home Care of North Atlanta, and Schuetz Enterprises Inc. d/b/a Regency Home Care of North Atlanta and all of their present or former employees, agents, representatives, insurers, attorneys, parents, subsidiaries and all other related entities ("Released Parties") from any and all claims, demands, rights, charges, actions, interests, debts, liabilities, damages, unpaid or withheld wages, costs, attorneys' fees and expenses, or causes of action of whatever type or nature, whether legal or equitable, whether known or unknown to them and whether discoverable or not, which they ever had, now have, or hereafter may have against Defendants, either individually, jointly, or severally, before any municipal, state or federal court or administrative agency, based upon acts which have occurred from the beginning of time to the date of her execution of this Agreement.

  Plaintiff's release shall include any and all claims, demands, or causes of action arising out of the Litigation and all claims, demands, or causes of action arising out of, either directly or indirectly, Plaintiff's employment with or separation from employment

with Defendant EWS Associates, LLC d/b/a Regency Home Care of North Atlanta including, but not limited to, any possible or alleged claims under the Civil Rights Act of 1866, 42 U.S.C. § 1981; the Civil Rights Act of 1991, Pub. L. No. 102-166, 105 stat. 1071 (1991); the Civil Rights Act of 1871, 42 U.S.C. § 1983; Executive Order 11246; the Equal Pay Act of 1963, 29 U.S.C. § 206; the Fair Labor Standards Act of 1938 (FLSA), 29 U.S.C. § 201, et seq.; Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, et seq.; the Age Discrimination in Employment Act (ADEA), 29 U.S.C. § 621, et seq.; the Americans with Disabilities Act of 1990 (ADA), 42 U.S.C. § 12101, et seq.; the Family and Medical Leave Act (FMLA), 29 U.S.C. § 2601, et seq.; the Fair Credit Reporting Act (FCRA), 15 U.S.C. § 1681, et seq.; the Genetic Information Nondiscrimination Act of 2008 (GINA), 42 U.S.C. § 2000ff et seq.; and under any other federal, state, local, constitutional, or common law, statute, ordinance, resolution, charter, or regulation; any and all claims arising out of any alleged contract or tort, including but not limited to claims of willful, intentional, or negligent infliction of emotional harm and/or distress, negligent retention, harassment, whistleblower retaliation, tortious breach or interference with business or contractual relations, defamation, fraud, invasion of privacy, or any other unlawful behavior; any and all claims for monetary recovery, including past or future lost wages, employee benefits, liquidated, compensatory and/or punitive damages, and/or attorneys' fees and expenses; and any and all claims of whatsoever nature asserted or which could be asserted by Plaintiff in any lawsuit, claim, complaint, grievance, appeal, or charge against the Released Parties for or on account of any matter or thing whatsoever existing or occurring up to and including the date on which this Agreement is signed by Plaintiff, except as otherwise provided herein.

**5.     Rights and Claims Excluded from Waivers and Releases.**  The release set forth in Paragraph 4 of this Agreement is absolute, except it does not apply to (i) any claim relating to any alleged breach of this Agreement; (ii) the validity of this Agreement under the Age Discrimination in Employment Act ("ADEA"), as amended by the Older Workers Benefit Protection Act; or (iii) any other claim which cannot be released by private agreement.  Plaintiff is waiving, however, any right to recover money in connection with any agency charge or investigation pertaining to her employment or independent contractor relationship with Defendants.  Similarly, Plaintiff is waiving any right to recover money in connection with a charge filed by any other individual, by the EEOC, or by any other local, state, or federal government agency pertaining to her employment or independent contractor relationship with EWS Associates, LLC d/b/a Regency Home Care of North Atlanta.

**6.     Specific Release of ADEA Claims.**  In further consideration of the settlement payments and benefits provided to Plaintiff in this Agreement, Plaintiff hereby irrevocably and unconditionally fully and forever waives, releases, and discharges Defendants from any and all claims, whether known or unknown, from the beginning of time to the date of Plaintiff's execution of this Agreement, arising under the Age

Discrimination in Employment Act ("ADEA"), as amended, and its implementing regulations.

By signing this Agreement, Plaintiff hereby acknowledges and confirms that: (i) Plaintiff has read this Agreement in its entirety and understands all of its terms; (ii) Plaintiff has been advised by this Agreement to consult with an attorney before signing this Agreement, and has consulted with such counsel; (iii) Plaintiff knowingly, freely, and voluntarily assents to all of the terms and conditions set out in this Agreement including, without limitation, the waiver, release, and covenants contained herein; (iv) Plaintiff is executing this Agreement, including the waiver and release, in exchange for good and valuable consideration in addition to anything of value to which Plaintiff is otherwise entitled; (v) Plaintiff is given at least twenty-one (21) days to consider the terms of this Agreement and consult with an attorney of her choice, although Plaintiff may sign it sooner if desired; (vi) Plaintiff understands that she has seven (7) days from the date of signing this Agreement to revoke the release in this Paragraph by delivering written notice of revocation to Sharon P. Morgan, Elarbee Thompson, Sapp & Wilson, LLP, 800 International Tower, 229 Peachtree Street, Atlanta, Georgia 30303; Phone: 404-659-6700; Fax: 404-582-8406; E-mail: morgan@elarbeethompson.com, before the end of such seven-day period; and (vii) Plaintiff understands that the release contained in this Paragraph does not apply to rights and claims that may arise after the date on which Plaintiff signs this Agreement.

7. **No Admission of Liability.**  The Parties acknowledge that the Settlement Payment was agreed upon as a compromise and final settlement of disputed claims and that payment of the Settlement Payment is not, and may not be construed as, an admission of liability by Defendants and is not to be construed as an admission that Defendants engaged in any wrongful, tortious or unlawful activity.  Defendants specifically disclaim and deny any liability to Plaintiff or that they engaged in any wrongful, tortious or unlawful activity.

8. **Full Payment for Work Performed.**  Plaintiff acknowledges that, with the payments set forth in this Agreement, she has been fully compensated by Defendants for all unpaid wages for hours allegedly worked, including unpaid minimum wages, overtime wages, liquidated damages, attorneys' fees, costs, and any other damages allegedly owed by Defendants, and that no other form of compensation or other damage of any kind is owed to her by Defendants.

9. **Agreement is Legally Binding.**  The Parties intend this Agreement to be legally binding upon and shall inure to the benefit of each of them and their respective successors, assigns, executors, administrators, heirs and estates.

10. **Entire Agreement.**  The recitals set forth at the beginning of this Agreement are incorporated by reference and made a part of this Agreement.  This Agreement constitutes the entire agreement and understanding of the Parties and supersedes all prior negotiations and/or

agreements, proposed or otherwise, written or oral, concerning the subject matter hereof. Furthermore, no modification of this Agreement shall be binding unless in writing and signed by each of the Parties hereto.

Plaintiff affirms that the only consideration for her decision to execute and her execution of the Agreement are the terms stated herein and that there are no other promises or arrangements of any kind which have caused her to execute the Agreement; that she has been advised to and have consulted with her attorneys regarding the terms, conditions and the final and binding effect of this Agreement; and she understands the meaning of the Agreement and its final and binding effect.

**11. Severability.** Each provision of this Agreement shall be considered separable, distinct and severable from the other and remaining provisions, and any breach, invalidity or unenforceability of any provision shall not impair the operation, validity or enforceability of those provisions that are valid and, to the extent allowed by law, such invalid or otherwise unenforceable provision may be modified by a court of competent jurisdiction so as to render it enforceable. Notwithstanding the foregoing sentence, if Paragraph 4 is found to be invalid by a court of competent jurisdiction, the entire Agreement is invalid.

**12. Governing Law and Choice of Forum.** This Agreement is made and entered into within and shall be governed by, construed, interpreted and enforced in accordance with the laws of the State of Georgia, without regard to the principles of conflicts of laws. Any action to enforce this Agreement shall be brought only in a proper state or federal court within the State of Georgia.

**13. Counterparts.** This Agreement may be executed by the Parties in counterparts, each of which shall be deemed an original, but all of which together shall constitute one and the same instrument. This Agreement shall become effective upon its approval by the court.

**14. Drafting.** The Parties acknowledge that they have jointly agreed to the terms and language used herein and that no ambiguity will be construed against any party for having "drafted" this Agreement.

**15. Authority to Execute Agreement.** By signing below, each Party warrants and represents that the person signing this Agreement on its or his behalf has authority to bind that Party and that the Party's execution of this Agreement is not in violation of any bylaw, covenants and/or other restrictions placed upon them by their respective entities.

**16. Language.** Plaintiff's counsel hereby represents that she has discussed this agreement fully with Plaintiff and is fully satisfied that she understands the Settlement Agreement and agrees with its terms.

## AGREED TO BY THE PARTIES, WITH INTENT TO BE LEGALLY BOUND

**PLANTIFF:**

**CAMILLA MCGHEE**


Signature: _____

Date: _____


**Approved by:**

Catherine A. Gavrilidis
Barrett & Farahany
1100 Peachtree Street, N.E.
Suite 500
Atlanta, Georgia  30309
(404) 214-0120
(404) 214-0125 (fax)
catherine@justiceatwork.com

Attorney for Plaintiff

**DEFENDANTS:**

**EWS Associates, LLC, d/b/a Regency Home Care of North Atlanta**

Signature: _____

By (Print): _____

Title: _____

Date: _____

**Schuetz Enterprises, Inc. d/b/a/ Regency Home Care of North Atlanta**

Signature: _____

By (Print): _____

Title: _____

Date: _____

**Erich Schuetz**

Signature: _____

Date: _____

**Dana Johnson**

Signature: _____

Date: _____